UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.           Case No. 1:13-CR-00315-KMW

**FREDERIC CILINS,**

        **Defendant.**

_____/

**DEFENDANT CILINS' MOTION TO AMEND THE CONDITIONS OF RELEASE
AND/OR FOR MODIFICATION OF BOND**

Comes now, the Defendant, Frederic Cilins, by and through undersigned counsel, and moves this Honorable Court to amend the conditions of release and/or for modification of bond. Mr. Cilins requests a hearing on this motion. In support thereof, Mr. Cilins would show:

**Background**

Mr. Cilins was arrested in Jacksonville, Florida on April 14, 2013 on charges arising out of the Southern District of New York. Allegedly, Mr. Cilins obstructed justice by offering to pay millions for the destruction of documents and provision of false testimony to the FBI. Mr. Cilins had his initial appearance on April 15, 2013 before Judge Klindt. Detention hearings were held on April 18, 2013, April 25, 2013, and April 29, 2013. On April 29, 2013, Mr. Cilins was ordered detained in Florida. A written detention order was entered on May 8, 2013.

On May 14, 2013, Mr. Cilins arrived in the Southern District of New York. On May 15, 2013, Mr. Cilins had his initial appearance before Judge Maas in the Southern District of New York. After consultation with Judge Wood's chambers, Judge Maas held a detention hearing. Mr. Cilins was ordered released on a $15,000,000.00 personal recognizance bond, secured by $5,000,000.00

in property or cash and with the signatures of five financially responsible parties. Other conditions included: surrender of all travel documents, travel restricted to the Southern and Eastern Districts of New York and Southern District of Florida, strict pretrial supervision, home incarceration, electronic monitoring, required to reside in his Turnberry Isle home in South Florida, and guarded by a 24/7 armed security company approved by the Court and the U.S. Attorney. A docket entry memorializing these conditions was entered on May 20, 2013.

## MEMORANDUM OF LAW

There are "only a limited group of offenders who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir.1987)(quoting S.Rep. No. 225, 98th Cong., 2d Sess. 7, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3189). "Because the law ... favors bail release, the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir.2007)(citations omitted). A person who is eligible for bail cannot be kept incarcerated because he fails to meet a financial condition of that bail. 18 U.S.C. § 3142(c)(2). A court "may not impose a financial condition that results in the pretrial detention of the person." *Id.*; *See United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985)(*en banc*)(the Bail Reform Act prohibits the use of high financial conditions to detain defendants).

Mr. Cilins cannot meet the financial requirements of the order granting his release. In the instant case, the amount of the bond—$15,000,000.00, secured by $5,000,000.00 in cash and/or property and five financially responsible parties—is tantamount to no bond. Furthermore, such a

high financial amount of bond is not necessary to reasonably ensure Mr. Cilins' appearance at trial. The other conditions imposed—surrender of all travel documents, travel restricted to the Southern and Eastern Districts of New York and Southern District of Florida, strict pretrial supervision, home incarceration, electronic monitoring, required to reside in his Turnberry Isle home in South Florida, and guarded by a 24/7 armed security company approved by the Court and the U.S. Attorney, standing by themselves are sufficient to reasonably ensure Mr. Cilins' appearance. These non-financial conditions, coupled with the $3.6 million[1] in unencumbered real estate Mr. Cilins already offered as security would provide the Court and the Government with the means to reasonably ensure that Mr. Cilins would appear as required. In this case, Mr. Cilins asks the Court to reduce or eliminate the financial conditions of his bond including the need for excessive security and five financially responsible persons. Mr. Cilins requests a hearing so that he and his witnesses may be heard on this matter.

      WHEREFORE, the Mr. Cilins respectfully requests this Court enter an order to amend the conditions of release and/or for modification of bond. Mr. Cilins requests a hearing on this motion.

                              Respectfully submitted,

                              /s/ *Michelle P. Smith*
                              Michelle P. Smith
                              Florida Bar No. 389382
                              Law Office of Michelle P. Smith, P.A.
                              827 Menendez Court
                              P.O. Box 1788
                              Orlando, Florida 32802-1788
                              Telephone: 407-601-6700
                              Facsimile:   888-614-3231
                              E-mail: michellepsmith_law@yahoo.com

---

[1] This is the minimal and conservative value of the various properties as evidenced by the tax appraiser's office. The actual values of the properties if placed on the market today are higher.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 29, 2013, undersigned electronically filed the foregoing *Motion to Amend the Conditions of Release and/or for Modification of Bond* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing and copy to the following: Elisha Kobre, Stephen Spiegelhalter, Bruce Lehr, and Sherleen Mendez.

      /s/ *Michelle P. Smith*
      Co-counsel for Frederic Cilins