```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,      Jacksonville, Florida

          Plaintiff,           Case No. 3:13-mj-1087-JRK

-vs-                           Tuesday, April 23, 2013

FREDERIC CILINS,               4:00 p.m.

          Defendant.           Courtroom 5D
_____
```

**DIGITALLY RECORDED TELEPHONIC STATUS HEARING**
**BEFORE THE HONORABLE JAMES R. KLINDT**
**UNITED STATES MAGISTRATE JUDGE**

### A P P E A R A N C E S

GOVERNMENT COUNSEL:

    **Kelly Karase, Esquire**
    U.S. Attorney's Office
    300 North Hogan Street, Suite 700
    Jacksonville, FL  32202

DEFENSE COUNSEL:

    **Michelle Smith, Esquire**
    Law Office of Michelle P. Smith
    P.O. Box 1788
    Orlando, FL  32802-1788

COURT REPORTER:

    Shelli Kozachenko
    221 North Hogan Street, #185
    Jacksonville, FL  32202
    Telephone:  (904) 301-6842
    Fax:  (904) 301-6846

(Proceedings recorded by electronic sound recording; transcript produced by computer.)

```
 1                    P R O C E E D I N G S
 2   Tuesday, April 23, 2013                        4:00 p.m.
 3                          - - -
 4           THE COURT:  All right.  Good afternoon.
 5           MS. SMITH:  Good afternoon, Judge.
 6           MS. KARASE:  Good afternoon.
 7           THE COURT:  This is United States of America
 8   against Frederic Cilins, 3:13-mj-1087-JRK.  Ms. Karase is on
 9   the telephone on behalf of the United States, and Ms. Smith
10   is on the telephone on behalf of Mr. Cilins?
11           MS. SMITH:  Cilins.
12           THE COURT:  Cilins.  Okay.
13           MS. SMITH:  I get it -- it's fine, Judge.  Don't --
14           THE COURT:  Okay.  I apologize.
15           MS. SMITH:  No.  No, no, no.
16           THE COURT:  Mr. Cilins is not present.  This is
17   just a status regarding scheduling that we're holding
18   telephonically.  We've already started Mr. Cilins' detention
19   hearing, and it was continued originally for, I believe,
20   today.
21           But because of certain documents not being
22   available, we've decided to continue the hearing, but I
23   wanted to go ahead and make sure we're all on the same page
24   because just in Ms. Chaddock, my courtroom deputy, relating
25   things to me, I started thinking I may have miscommunicated
```

what we were actually doing previously because I think we had set Mr. Cilins' case for a detention hearing and preliminary hearing, and then when we were proceeding last week, we were really proceeding just on the detention hearing.

And I think there may have been some thought that we were doing the detention and the preliminary hearing, which, you know, was really probably caused by my misinterpretation when I was explaining to Ms. Smith that we do these detention hearings so differently here than they do them in Orlando and other divisions.

But that was not intended to be the preliminary hearing. For a preliminary hearing the government would have to -- have to call one or more witnesses to establish probable cause. So I wanted to make sure that we're on the same page, that tomorrow -- it is tomorrow, right, or is it Thursday?

MS. SMITH: Thursday, Your Honor.

THE COURT: I apologize. There I go again.

Thursday we will convene for the detention hearing and get as much done as we can to finish that, and then if there are additional documents that need to be submitted or anything else that needs to be done, we would finish that up on Monday and conduct the preliminary hearing on Monday, is how I was viewing that.

So, Ms. Karase, why don't I start with you. Is

```
 1  that -- does that sound like something we can accomplish?
 2          MS. KARASE:  It does, Your Honor.  And just so the
 3  Court is aware, I do not anticipate the need for a
 4  preliminary hearing.  I expect Mr. Cilins to be indicted.  Of
 5  course, I can't control these things, but we will be
 6  presenting an indictment in advance of that Monday hearing
 7  time.
 8          THE COURT:  All right.  Well, I still would intend
 9  to keep things as I said in the event that either the case
10  isn't presented to the grand jury or the grand jury fails to
11  return a true bill.
12          Ms. Smith, does that sound like a workable schedule
13  for you?
14          MS. SMITH:  Your Honor, I'm sorry that I was
15  confused because I -- I guess that was my -- the look on my
16  face when you said you proceeded by proffer because I was
17  under the impression we were doing both the detention and PE,
18  the combined.
19          That's pretty common in the district.  That's
20  probably why I was sort of a little struck on Tuesday because
21  the notice indicated it would be set for Thursday, the 18th,
22  for both.  That's what I proceeded and that's what I prepared
23  for, and I was surprised they didn't have an agent there.
24          THE COURT:  Yes.  And I -- and that's why, you
25  know, it struck me that I should have known that that's how
```

it's done, I think, everywhere else in the district. But here the practice is to separate the two and allow the government to proceed by proffer in the detention hearing, and it didn't go off in my brain that, you know, I hadn't communicated that well until today.

And so I really am sorry for that.

MS. SMITH: And, Your Honor, just so that it is completely preserved for appellate review, I object at this point to a continuance of the PE for the purpose of allowing the government to run and get an indictment. We believe that under the standing case law that at least two of the three counts are not viable under the case law, and I had intended on arguing that.

I certainly -- had I known that this was the -- that we had not started the PE, I would have come up today and proceeded without the documents. And, again, what I did receive late last night, I received a scanned copy of a letter that arrived in Jacksonville this morning. It arrived at a local attorney's office from the consul, so I would have proceeded with that.

I'm still waiting on additional documents, including the passport, but I would have proceeded today. I would certainly not have continued had I understood that we had not already started the PE.

THE COURT: No. I understand that, and I think the

record's clear -- clear now that I hadn't made it clear previously in terms of what was actually going on because of the way that we do it here, although I think I probably would have to go back and look at the record to see exactly what was said about, you know, whether the government was ready to proceed or you were ready to proceed with the detention hearing and whether I mentioned the preliminary hearing.

I think they were both scheduled at the same time, and that's, again, the practice here is to schedule them at the same time so that we don't lose track of them, hold the detention hearing, and then if a defendant is released on bond, we have much more time to work with because of the 21 days. And if a defendant is detained, then the preliminary hearing has to be set within the 14 days.

And so that's why it's done the way it is here, and -- but I understand the confusion because I don't think it's done that way probably anywhere else in the district. So I understand that.

MS. KARASE: And, Your Honor, just -- this is Ms. Karase. Just to be clear that the government is not seeking a continuation of the preliminary hearing. We're seeking, you know, to hold the hearing within the 14 days that are -- that are provided under Rule 5.1(c).

THE COURT: Well, I understand that you're not seeking an extension of that time, but oftentimes the

1  preliminary hearing is set for a certain date.  And, again,
2  I'm guessing -- I would have to look at the notice, but I'm
3  guessing I set the -- if you look at the actual document, I
4  set the detention hearing and preliminary hearing -- the
5  order probably says or the notice says that both are being
6  held on Thursday.
7        So I think that's where Ms. Smith is lodging her
8  objection is that -- that she believed and was under the
9  impression that it was scheduled at the same time when we
10 held it last week and that we were continuing both until
11 today.
12       And that captures your position, doesn't it,
13 Ms. Smith?  Am I saying it --
14       MS. SMITH:  It does, Your Honor.  And I did take
15 the liberty and review both your initial minutes, which is, I
16 think, at document 2 in the court file, and the minutes from
17 Thursday's hearing.  The ones from the 15th and the 18th both
18 mention the 15th scheduling the PE and detention for the
19 18th.  The 18th -- the Court minutes from the 18th delineate
20 them as a detention and preliminary hearing, and then those
21 minutes also reference the continuation of the preliminary
22 hearing and detention hearing for the 23rd.
23       So -- and then the Court's order, I believe, from
24 yesterday -- and I did not look at it, but I believe it --
25 and I can pull it up now, but I believe it also delineates

```
 1  that we were in a detention and preliminary hearing.
 2          So that is the basis of the objection, is that by
 3  the Court's own documents, it appeared we had started.  And
 4  at this point in time, I would certainly object to giving the
 5  government additional time to bite at the apple when they
 6  didn't come in prepared based upon what was in the court --
 7  court minutes and the court documents.
 8          MS. KARASE:  Well, and if I --
 9          THE COURT:  Well --
10          MS. KARASE:  -- may respond, Your Honor?
11          In the transcript from the proceedings that were
12  held on -- on, I guess it was, Thursday of last week, Your
13  Honor when we began the hearing talked about how, "And so
14  we're set for the detention hearing, Ms. Smith.  Are you
15  ready to proceed today?"  And then we proceeded with the
16  detention hearing.
17          So with reference to what was stated before the
18  actual start of the hearing, it was clear that it was a
19  detention hearing from -- from the point when we went on the
20  record on -- on that Thursday.
21          THE COURT:  Well, I understand where Ms. Smith's
22  coming from though because every -- every order or notice and
23  the minutes would reflect that the detention hearing and
24  preliminary hearing were set at the same time.
25          And I'm guessing that if we had a transcript of the
```

 1  initial appearance, I probably said -- of course, the
 2  transcript would speak for itself, but my practice has been,
 3  for the last few years since I've been doing this, is to --
 4  is generally to set the detention hearing and preliminary
 5  hearing at the same time so that I don't lose track of and
 6  forget to schedule the preliminary hearing.
 7          And then I tell the parties that if either side
 8  needs additional time for the preliminary hearing when we
 9  convene for the detention and preliminary hearing, that I
10  would look favorably upon allowing them to have additional
11  time, just as long as we complete the hearing within the 14
12  days.
13          Of course, Ms. Smith wouldn't be expected to know
14  that practice, and I can surely see why she would have
15  thought and believed that we were conducting the preliminary
16  hearing.  And I thought her surprise the other day was just
17  because we do detention hearings this way, but it was
18  really -- it was really a double surprise because she thought
19  we were doing the detention and the preliminary hearing.
20          And I have to say -- and I know it works
21  differently, Ms. Smith, I'm sure, in Orlando and probably
22  elsewhere, but I think in the maybe five-and-a-half years
23  that I've been doing this, I've only had one preliminary
24  hearing, believe it or not.  We just don't have them very
25  often, and that's just, I think, the way things are just

1  practiced differently here.
2          So if I miscommunicated on all of that -- and I
3  clearly stated detention and preliminary hearings in my
4  order -- my intention was -- and I think it was stated at the
5  initial appearance where, of course, Ms. Smith wasn't here
6  because Mr. Cilins had been arrested and she hadn't been
7  retained for this matter.  I had said that we'd set it for
8  the detention and preliminary hearing and if anyone needed a
9  continuance of the preliminary hearing, that that would be
10 granted, and I don't think that was ever officially done.
11 For some reason it was just assumed.
12         But in any event, we'll proceed with the detention
13 hearing on Thursday, and the miscommunication on my part is
14 clear for whatever -- whatever review may be done on it.  And
15 I think that as long as we're within the 14 days, I don't --
16 I don't see a legal impediment to this case moving forward.
17         But -- and, Ms. Smith, if you have some cases or
18 something you want to show me when you come Thursday, I'll be
19 glad to look at them.
20         MS. SMITH:  Okay.
21         THE COURT:  And, again, to the extent that our
22 practice differs from where you practice and I didn't make it
23 clear, I do apologize.
24         MS. SMITH:  Your Honor, I understand -- I
25 understand the issue, and you're correct.  And fortunately or

```
 1  unfortunately, I've conducted PEs probably in Tampa, Fort
 2  Myers, Jacksonville -- or not Jacksonville but in Orlando.
 3  Probably the only two courthouses are Ocala, because I don't
 4  get there very much, and Jacksonville.  So I've had PEs over
 5  the years and actually had cases dismissed at PE, so --
 6          THE COURT:  The only one I did, I did dismiss it at
 7  the PE, so --
 8          MS. SMITH:  The other thing, Your Honor, if I can
 9  sort of switch gears, if we're finished, if we're concluded
10  with this issue.
11          THE COURT:  Yes.
12          MS. SMITH:  Okay.  May I -- I'm going to file a
13  motion to bring a telephone because I'm expecting a Federal
14  Express -- actually it's an international two-day delivery of
15  the documents to an attorney in Jacksonville on Thursday.
16  We're getting more tomorrow morning and the rest on Thursday.
17          I want to notify you I'm going to file a motion to
18  bring my telephone into the courthouse.  I'll obviously turn
19  it off so that it just vibrates, but I may need to be reached
20  if I need to run downstairs or whatever to pick up the
21  documents.
22          THE COURT: Yes.  That's absolutely fine.  And I
23  think -- let me just ask Ms. Chaddock.
24          Given the late notice, is it necessary for her to
25  file a motion, or can we just advise -- we'll just treat that
```

```
 1  as an oral motion and grant it.  Okay.
 2             MS. SMITH:  Thank you, Judge.
 3             THE COURT:  So you don't have to file that.
 4             And then what time's going to be best for everyone
 5  on Thursday, 9:00 or 10:00?  I can start it either time.
 6             MS. SMITH:  Your Honor, I'm fine with 9:00.  That
 7  way that gives us a little more time.  I think your afternoon
 8  is fairly booked from when I spoke with Ms. Chaddock, so I
 9  can start at 9:00.  I probably will either come up late
10  Wednesday night or early, early Thursday, but probably
11  Wednesday night, so --
12             THE COURT:  Okay.  All right.
13             MS. KARASE:  9:00 is fine for me.
14             THE COURT:  Okay.  All right.  Well, then, we'll
15  start at 9 o'clock on Thursday.
16             MS. SMITH:  Okay.  Thank you, Your Honor.
17             THE COURT:  Yes.  Well, thank you.
18             And thanks for everyone being available at such
19  short notice, and I'll see you all on Thursday.
20             MS. SMITH:  Thank you, Judge.
21             MS. KARASE:  Sounds great, Judge.  Thank you.
22             THE COURT:  All right.  We'll be in recess.
23             (The proceedings were concluded at 4:14 p.m.)
24                            -  -  -
25
```

```
 1                          CERTIFICATE

 2

 3   UNITED STATES DISTRICT COURT )

 4   MIDDLE DISTRICT OF FLORIDA   )

 5

 6

 7          I hereby certify that the foregoing transcript is a

 8   true and correct computer-aided transcription of my stenotype

 9   notes taken at the time and place indicated therein.

10

11          DATED this 3rd day of May, 2013.

12

13

14                            s/Shelli Kozachenko
                              Shelli Kozachenko, RPR, CRR
15
```