UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                            Case No.  1:13-CR-00315-WHP

**FREDERIC CILINS,**

    **Defendant.**

_____/

## MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCUMENTS AND MOTION TO INSPECT, EXAMINE AND TEST PHYSICAL EVIDENCE

The Defendant, FREDERIC CILINS, by and through undersigned counsel, files this Motion to Compel Production of Original Documents and Motion to Inspect, Examine, and Test Physical Evidence, and in support thereof states:

1. The Government has charged Mr. Cilins with various counts of obstruction, including: Intimidation or Force Against Witness; Obstruction of Criminal Investigations; and Destruction, Alteration or Falsification of Records in Federal Investigations.

2. The Government alleges that between March 2013 and April 14, 2013, Mr. Cilins obstructed a grand jury investigation into a potential violation of the foreign corrupt practices act, which purportedly occurred between 2006 and 2008 between BSGR and the government of Guinea.  *See* Complaint; Detention Hearing Transcripts.

3. According to the Government, via telephone and in person, in Jacksonville, Florida, Mr. Cilins offered to pay Mamadie Toure millions of dollars, to destroy documents (contracts) sought by the grand jury sitting in the Southern District of New York.  *See id.*

4. The Government's position is that these various documents that Mr. Cilins sought to destroy are genuine "contracts" signed on several different dates between 2005 and 2010 between BSGR, Pentler Holdings, LLC, and Mamadie Toure through Matinda and Company, LTD. *See* Government Discovery at Bates 528-547.

5. It is Mr. Cilins' defense that these documents are not genuine contracts, but rather these are false "contracts" created to extort monies from BSGR, Mr. Cilins, and others.

6. Defense counsel have reviewed the Government's discovery, which contains copies of these documents.

7. Based upon the inspection of those copies, the documents upon which the Government relies, appear to be "manufactured" or "forged."

8. On behalf of Mr. Cilins, Defense Counsel made several requests to review the originals of these documents.

9. Assistant United States Attorney Kobre responded that the Government is in possession of these original documents.

10. However, AUSA Kobre refused to disclose the documents' location or provide them for inspection.

11. Rather, he only stated that the Government did not need the originals to prosecute this case and would rely solely upon the copies already provided to the Defense.

12. The Defense requests this Court to enter an order compelling the Government to produce the original documents in this case and allow Defense to inspect and examine the original documents.

13. Defense counsel and Mr. Cilins believe that these documents are not genuine. This hypothesis forms, in large part, the basis of Mr. Cilins' defense.

14. It is, therefore, necessary that both Defense Counsel and Defense Experts inspect, examine, and test such evidence.

15. This testing would include the testing of the paper, ink, handwriting, stamps, seals, etc. for each and every document.

## MEMORANDUM OF LAW

Rule 16(a)(1)(E) specifically provides that the defendant has the right to inspect tangible objects within the possession, custody or control of the Government and which are material to the preparation of the defendant's defense. Fed. R. Crim. P. 16. Rule 16(a)(1)(E) provides, in pertinent part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Evidence is material under Rule 16 if it "could be used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d. Cir.1993). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir.1991) (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir.1975)). Rather, the requested information must "enable[ ] the defendant significantly to alter the quantum of proof in his favor." *Id.* Nevertheless, "[t]he materiality standard [of

3

Rule 16] normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Stein*, 488 F.Supp.2d 350, 356–57 (S.D.N.Y.2007) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir.1993) (internal quotation marks omitted)). A criminal defendant has the right to examine, through his own expert, critical evidence subject to varying expert opinion. *Barnard v. Henderson*, 514 F.2d 744, 746 (5th Cir. 1975)("Fundamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion."); *United States v. Sanders*, No. 1:08CR7, 2008 WL 1944237, at *1 (W.D.N.C. May 1, 2008) (citation omitted); *United States v. McClure*, 3:07-CR-29, 2009 WL 1256895 (E.D. Tenn. Apr. 30, 2009); *United States v. Nabors*, 707 F.2d 1294, 1296 (11th Cir. 1983)(same; drug case).

   Here, the inspection and testing of the "original documents" are material to Mr. Cilins' defense. To prove any of the charges against Mr. Cilins, the Government must show that he had the specific intent to commit the crimes, *i.e.*, it was his intent to knowingly and willfully impede, interfere, or obstruct an investigation. *See generally United States v. Lippman*, 492 F.2d 314 (6th Cir. 1974) (finding that 18 U.S.C. § 1510 contains a scienter requirement); *United States v. Carleo*, 576 F.2d 846 (7th Cir. 1978) (same); *United States v. Ronda*, 455 F.3d 1273, 1284 (11th Cir. 2006) (noting that 18 U.S.C. § 1512 requires specific intent); *United States v. Velasco*, 8:05-CR-496-T-23MSS, 2006 WL 1679586 (M.D. Fla. June 14, 2006) (noting that 18 U.S.C. § 1519 contains a scienter requirement). Obviously, it is a crime to destroy or attempt to destroy documents which are genuine and

are inculpatory. However, it is not a crime to attempt to destroy or destroy documents which are false or fraudulent so that these fraudulent documents could not be used to subvert justice or for extortion or blackmail. Nor is it a crime to purchase, attempt to purchase, destroy or attempt to destroy fraudulent documents which are being and have been used in extortion attempts.

Undersigned has found no reported cases which have found that the destruction or attempted destruction of fraudulent or forged documents is a crime. Rather, the various obstruction cases all involve the making of false documents, destruction of genuine documents, etc. In fact, the Government's own actions and court filings support Mr. Cilins' position—that the destruction or attempted destruction of fraudulent documents to stop extortion, fraud, blackmail, etc., is not a crime. *See generally United States v. Approximately 250 Documents Containing the Forged Handwriting of President John F. Kennedy and Others*, Case No. 03 Civ. 8004 (GBD)(KNF) (S.D.N.Y.)(involving the Government moving to destroy and keep from the public various fraudulent and forged documents as a means of protecting the public).

Furthermore, the documents requested by the Defense are discoverable. The Government contends that these are actual genuine contracts showing violations of the Foreign Corrupt Practices Act and that is why Mr. Cilins and others sought to have them destroyed. Thus, these documents form the basis of the charges against Mr. Cilins and they are not internal memoranda or notes belonging to the Government.

Finally, these documents are undeniably within the possession of the Government. As such, the Government should be compelled to produce the same, and allow Defense Counsel and Defense Experts the opportunity to inspect, examine, and test these documents.

WHEREFORE, the Defendant, Frederic Cilins, requests this Honorable Court to enter an order compelling the Government to produce the original documents in this case and allow Defense to inspect, examine, and test the original documents.

Respectfully submitted this 28th day of June, 2013,

/s/ *Michelle P. Smith*
Michelle P. Smith
Law Office of Michelle P smith, P.A.
Florida Bar No. 389382
827 Menendez Court
P.O. Box 1788
Orlando, Florida 32802-1788
Telephone:   407-601-6700
Facsimile:   888-614-3231
E-mail: michellepsmith@gmail.com
           michellesmith@mpsmithlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2013, undersigned electronically filed the foregoing *Defendant Cilins' Motion to Compel Production of Original Documents and Motion to Inspect and Examine Physical Evidence* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing and copy to the following: Elisha Kobre, Stephen Spiegelhalter, Bruce Lehr, and Sherleen Mendez.

/s/ *Michelle P. Smith*
Co-counsel for Frederic Cilins