## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**              **Case No.  1:13-CR-00315-WHP**

**FREDERIC CILINS,**

    **Defendant.**

_____/

## MR. CILINS' REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MR. CILINS' MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCUMENTS AND MOTION TO INSPECT, EXAMINE AND TEST PHYSICAL EVIDENCE

   The Defendant, FREDERIC CILINS, by and through undersigned counsel, files this Reply to the Government's Memorandum in Opposition to Mr. Cilins' Motion to Compel Production of Original Documents and Motion to Inspect, Examine and Test Physical Evidence.  Mr. Cilins requests a short hearing on this matter.  In support of the original motion, Mr. Cilins states:

   1.  On June 30, 2013, the Government filed its Memorandum in Opposition to Mr. Cilins' Motion to Compel Production of Original Documents and Motion to Inspect, Examine and Test Physical Evidence.

   2.  In his original Motion, Mr. Cilins sought the production, inspection, examination and testing of the original documents, which form the basis of the instant charges against Mr. Cilins.

   3.  It is Mr. Cilins' position that these documents are false, fraudulent, and forgeries that had been used in the past and were currently being used to blackmail himself

and others.[1]

4.      Thus, Mr. Cilins was not obstructing justice when he attempted to obtain those documents from Mamadie Toure; rather, he was attempting to stop any further extortion.  *See* Cilins' Motion, Doc. 19.

5.      This forms, in large part, the basis of Mr. Cilins' defense and Mr. Cilins and his counsel have reason to believe from inspecting the copies of these documents that the documents are not genuine but are forgeries and false.  *See id.*

6.      As grounds for denying Mr. Cilins' Motion, the Government now claims that it does not have possession of the original documents and that it told Mr. Lehr this on June 19, 2013.[2]

7.      This new claim directly contradicts what the Government told Mr. Lehr on June 19, 2013.

8.      Indeed, Assistant United States Attorney Elisha Kobre told Mr. Lehr that neither he nor co-counsel Steven Speigelhalter had the documents in their possession.

9.      When Mr. Lehr inquired as to the location of the original documents, Mr. Kobre responded that they were in the possession of the Government.

10.     Mr. Kobre refused to specify where, with which Government Agency, or with whom.

11.     Mr. Cilins has been charged with a crime and is currently being detained on

---

[1]  The Government's position is that these various documents that Mr. Cilins sought to destroy are genuine "contracts" signed on several different dates between 2005 and 2010 between BSGR, Pentler Holdings, LLC, and Mamadie Toure through Matinda and Company, LTD.  *See* Government Discovery at Bates 528-547.

[2]  The Government does not argue that the requested documents are not material to Mr. Cilins' defense.

charges based upon these false documents.

12.     Mr. Kobre indicated that the documents were in the "Government's" possession."

13.     However, now the Government is claiming that it does not have to turn over the documents because even though they are with the Government, these documents are purportedly not withing the "possession, custody, or control" of the Government.

14.     The Government appears to be side-stepping its obligation and thwarting Mr. Cilins' defense with its play on the word "Government."

15.     Rule 16 and the case law interpreting it are clear—the government must turn over and allow inspection of all evidence in its possession.

## MEMORANDUM OF LAW

Rule 16(a)(1)(E) specifically provides that the defendant has the right to inspect tangible objects within the **possession, custody, or control** of the Government and which are material to the preparation of the defendant's defense.  Fed. R. Crim. P. 16 (emphasis added).  Here, the Government, by its own admission, has said that the "Government" has possession, and presumably custody and control, of the original documents. The fact that this prosecutor and his co-counsel themselves do not have the documents should be of no moment when it has refused to disclose the documents' location.  Furthermore, these "documents" were all supposedly signed by the Government's confidential informant, Mamadie Toure.  She would surely have possession of the originals of these documents, if the Government does not have these documents.  Certainly, she is under the Government's control.  Accordingly, Mr. Cilins requests this Court to order production of the original documents and allow the inspection, examination, and testing of them.

WHEREFORE, the Defendant, Frederic Cilins, requests this Honorable Court to enter an order compelling the Government to produce the original documents in this case and allow Defense to inspect, examine, and test the original documents.  Mr. Cilins requests a short hearing on this matter.

Respectfully submitted this 2nd day of July, 2013,

/s/  *Michelle P. Smith*
Michelle P. Smith
Law Office of Michelle P smith, P.A.
Florida Bar No. 389382
827 Menendez Court
P.O. Box 1788
Orlando, Florida 32802-1788
Telephone:   407-601-6700
Facsimile:   888-614-3231
E-mail: michellepsmith@gmail.com
         michellesmith@mpsmithlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2013, undersigned electronically filed the foregoing *Defendant Cilins' Reply to the Government's Memorandum in Opposition to Mr. Cilins' Motion to Compel Production of Original Documents and Motion to Inspect, Examine and Test Physical Evidence* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing and copy to the following: Elisha Kobre, Stephen Spiegelhalter, Bruce Lehr, and Sherleen Mendez.

/s/  *Michelle P. Smith*
Co-counsel for Frederic Cilins