USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA                 :

                                         :    13 Cr. 315 (WHP)

    -against-

                                         :    MEMORANDUM & ORDER

FREDERIC CILINS,
               Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, United States District Judge:

        Defendant Frederic Cilins moves to amend his conditions of pre-trial release or modify his bond and the Government appeals Magistrate Judge Frank Maas's determination that there are conditions of release that will reasonably assure Cilins's appearance at trial. On July 3, 2013, this Court denied Cilins's motion, granted the Government's appeal, and remanded Cilins. This Memorandum and Order sets forth findings of fact supporting that decision to revoke bail.

## BACKGROUND

        On April 15, 2013, Cilins was arrested in the Middle District of Florida on a complaint filed in the Southern District of New York. After a four-day detention hearing that began on April 18 and concluded on April 29, 2013, Magistrate Judge James Klindt found Cilins was a serious flight risk and no conditions or combinations of conditions of release would reasonably assure his appearance in Court. Magistrate Judge Klindt remanded Cilins. Meanwhile, on April 25, 2013, Cilins was indicted by a grand jury sitting in the Southern District of New York. Thereafter, he was transported to this district for arraignment.

        On May 15, 2013, Magistrate Judge Maas conducted another detention hearing and concluded that while Cilins was a flight risk, there were conditions of release that would reasonably assure his appearance in court. Magistrate Judge Maas fixed the following conditions of release:

1. A personal recognizance bond in the amount of $15 million, to be co-signed by five financially responsible people and further secured by $5 million in cash or property;

2. Travel restricted to the Southern and Eastern Districts of New York and the Southern District of Florida;

3. Surrender of all travel documents and no new applications for them;

4. Strict pre-trial supervision;

5. Home incarceration with electronic monitoring; and

6. Full-time monitoring by an armed security guard, to be approved by the Court and the Government.

Both the Government and Cilins challenged Magistrate Judge Maas's bail determination.

## DISCUSSION

The Bail Reform Act of 1984 authorizes detention pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person[.]" 18 U.S.C. § 3142(e). Courts ask two questions to determine whether a defendant should be detained: (1) Is the defendant a serious flight risk? and (2) Are there conditions or combinations of conditions that will reasonably assure his presence at trial?  See United States v. Shakur, 817 F.2d 189,194 (2d Cir. 1987). The Government must prove both factors favor detention by a preponderance of the evidence. See United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007).

When a detention hearing is conducted by a magistrate judge, either party may appeal. See 18 U.S.C. § 3145(a). A district judge reviews a magistrate judge's decision to release a defendant de novo and "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985). Regarding bail, a district judge must consider: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, and (3) the history and characteristics of the person. See 18 U.S.C. § 3142(g).

2

A.  <u>Nature and Circumstances of the Offense and the Weight of the Evidence</u>

Cilins is charged with three counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(2)(B), (b)(3), and (c)(2), one count of obstructing a criminal investigation in violation of 18 U.S.C. § 1510(a), and one count of destroying, altering, or falsifying records in a federal investigation in violation of 18 U.S.C. § 1519. In substance, the Government alleges that Cilins obstructed its investigation by offering millions of dollars in bribes to a cooperating witness to induce the cooperating witness to: (1) destroy subpoenaed documents; (2) give perjured grand jury testimony; (3) make false statements to federal law enforcement officers; and (4) sign a false attestation. The Government proffers that multiple recorded conversations between Cilins and the cooperating witness discuss the bribery and obstruction scheme. And when Cilins was arrested after his last meeting with the cooperating witness, he had $20,000 in cash on his person.

By returning an indictment, a grand jury establishes probable cause that Cilins committed the charged offenses. According to the Government, each offense obstructed a federal investigation into the conduct of Cilins and his associates. This Court agrees with Magistrate Judge Klindt's finding that "the motive to obstruct and the motive to flee are very often one and the same." (Detention Order at 5.) And Cilins's explanation of his pre-Indictment conduct—that he was attempting to purchase false documents and prevent false testimony—demonstrates his willingness to interfere in the grand jury process. With his indictment, Cilins has a powerful incentive to evade prosecution.

3

The parties agree that Cilins faces a maximum term of 20 years of imprisonment and a sentencing guidelines range between 97 and 121 months.[1] Accordingly, the strength of the Government's case, the nature and circumstances of the crimes, and the severity of the potential punishment support a finding that Cilins poses a serious flight risk and that no conditions can be set to reasonably assure his appearance for trial.

B.  History and Characteristics of Cilins

Cilins is a French citizen and international businessman. He also has access to significant financial resources. His family resides in France where he owns a home and conducts significant business. He has no family in the United States and most of his business activity is conducted elsewhere. Because France refuses to extradite its citizens, Cilins can avoid prosecution on this Indictment if he can reach French soil. In short, because his life is tethered to France, not the United States, this factor favors detention. See United States v. Abdullahu, 488 F. Supp. 2d 433, 443 (D.N.J. May 24, 2007) ("The inability to extradite defendant should he flee weighs in favor of detention.")

Cilins also appears to have access to significant foreign resources. Determining Cilins's assets should have been a simple accounting exercise by Pre-Trial Services. At his initial meeting with Pre-Trial Services in the Middle District of Florida, Cilins reported income of approximately $32,000, ownership of five rental properties worth approximately $779,000, and a checking account balance of approximately $500. At his detention hearing several days later, he disclosed two more properties valued at more than $2.5 million and co-owned by individuals alleged to be involved in the obstruction scheme.

---

[1] This guideline calculation is, of course, not binding on the parties or this Court for any potential sentencing. But it is a useful benchmark to be considered in the 18 U.S.C. § 3142 factors.

On his arrival in New York, he declined to allow Pre-Trial Services to perform a financial records check. And then, at his detention hearing before this Court on July 3, 2013, his attorney acknowledged that as recently as a few months ago Cilins had access to a bank account with a balance exceeding $1 million. This admission reinforces this Court's view that Cilins has not been forthright about his financial wherewithal. That lack of candor—coupled with Cilins's access to substantial resources—adds to the risk of flight and buttresses this Court's conclusion that nothing short of detention can reasonably assure Cilins's appearance at trial.

Defense counsel's argument that Cilins failed to disclose his complete financial condition to Pre-Trial Services because of the absence of an interpreter and an attorney is unpersuasive. It is difficult to fathom how Cilins could own seven properties in Florida yet be unable to understand English well enough to answer simple questions about his finances. And his failure to disclose an account worth more than $1 million until his third detention hearing only adds to the mystery.

Viewing the totality of the circumstances, this Court finds that the Government has shown by a preponderance of the evidence that Cilins is a serious risk of flight and that no conditions can be set that will reasonably assure his appearance at trial. While other judges in this district have found that an armed security guard may be sufficient to assure a defendant's appearance, even when he is a serious risk of flight, see, e.g., United States v. Dreier, 596 F. Supp. 2d 831, 834 (S.D.N.Y. 2009), this Court does not believe that that condition, even coupled with the additional conditions proposed, would be sufficient.

Cilins offers to stay at his vacation home in Florida and pay an armed guard to watch him continuously. But "such [private prison] arrangements are never one hundred percent

infallible[.]" Borodin v. Ashcroft, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001). And this Court is concerned about Cilins's risk of flight, not his comfort.

Moreover, "it is contrary to underlying principles of detention and release on bail that individuals otherwise ineligible for release should be able to buy their way out by constructing a private jail, policed by security guards not trained or ultimately accountable to the Government, even if carefully selected." Borodin, 136 F. Supp. 2d at 134. Federal judges swear an oath, with ancient roots dating to Deuteronomy, to "administer justice without respect to persons, and do equal right to the poor and to the rich[.]" 28 U.S.C. § 453. That pledge is violated if a defendant, who is a serious risk of flight with every incentive to flee and the means to do so, is permitted to buy his way out of detention. This Court is not persuaded by the reasoning of other judges in this district who have approved private prisons.

In conclusion, Cilins has every reason to flee, and the proffered facts indicate that he can enlist his worldwide contacts to assist him in carrying out that unlawful end.

CONCLUSION

For the foregoing reasons, Frederic Cilins's motion to amend his conditions of release or modify his bond is denied. The Government's appeal of Magistrate Judge Maas's determination that there are conditions of release that can be imposed that will reasonably assure Cilins's appearance in court is granted, and Cilins is remanded pending trial. The Clerk of Court is directed to close the motions pending at ECFs No. 11, 14, and 17.

Dated: July 19, 2013
      New York, New York

SO ORDERED:

      WILLIAM H. PAULEY III
      U.S.D.J.

*Counsel of Record:*

Elisha Jonathan Kobre
United States Attorney Office, SDNY
*Counsel for Government*

Bruce H. Lehr
Sherleen M. Mendez
Lehr, Fischer & Feldman

Michelle Patrice Smith
Law Office of Michelle P. Smith, P.A.
*Counsel for Defendant*