DC6ECILC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             13 CR 315(WHP)

FREDERIC CILINS,

                Defendant.

------------------------------x

                                         December 6, 2013

Before:

              HON. WILLIAM H. PAULEY III,

                                         District Judge


                       APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  ELISHA KOBRE
     STEPHEN SPIEGELHALTER
     Assistant United States Attorneys


WILLIAM SCHWARTZ
BRUCE LEHR
MICHELLE SMITH
ANNIKA GOLDMAN
     Attorneys for Defendant

FRENCH INTERPRETER:  Arlette Weill
```

1             (In open court)

2             THE DEPUTY CLERK:  United States of America versus
3  Frederic Cilins.  Appearances for the government?
4             MR. KOBRE:  Good morning, your Honor.  Elisha Kobre
5  and Steven Spiegelhalter for the government.
6             THE COURT:  Good morning.
7             THE DEPUTY CLERK:  Appearances for the defendant?
8             MR. SCHWARTZ:  Good morning, your Honor.  William
9  Schwartz, and I'm here with my colleague, Annika Goldman from
10 Cooley, LLP.
11            MR. LEHR:  Good morning, your Honor.  Bruce Lehr.
12            MS. SMITH:  Good morning, your Honor.  Michelle Smith
13 on behalf of Mr. Cilins, who's seated to my right.
14            THE COURT:  Good morning to all of you.
15            I note the presence of a French interpreter.  Would
16 you identify yourself for the record.
17            INTERPRETER:  Yes, your Honor.  My name is Arlette
18 Weill, W-E-I-L-L.
19            THE COURT:  Good morning.  Please administer the oath
20 to the interpreter.
21            (Interpreter sworn)
22            THE COURT:  Mr. Cilins, are you able to understand
23 what's being said here this morning through the French
24 interpreter?
25            THE DEFENDANT:  Yes, your Honor.

DC6ECILC

1           THE COURT:  Very well.  Good morning.

2           Mr. Kobre, what is the status of this matter?

3           MR. KOBRE:  Your Honor, there was a trial date of

4    December 2nd, which at the last conference and argument the

5    Court indicated that it was open to adjourning to allow new

6    defense counsel to get up to speed on the case and potentially

7    set a new trial date.

8           And discovery has been produced.  There is a pending

9    motion before the Court, and the government sent the letter to

10   the Court essentially to get clarity on the adjournment of the

11   trial date and perhaps to get a sense of what trial dates the

12   Court might be available for.

13          THE COURT:  Mr. Schwartz?

14          MR. SCHWARTZ:  I think that Mr. Kobre has fairly

15   stated the status, your Honor.  You'll recall from the last

16   hearing we were a bit reluctant to agree to a trial date

17   without knowing your Honor's ruling, because that could affect

18   many things in this case, particularly how we prepare.

19          THE COURT:  I do, and I have been working on a ruling

20   with respect to that motion.  It's my hope that within a few

21   weeks' time I'm going to be able to complete my work on that

22   and issue a ruling.  And I think that we do need to fix, as

23   best we can, a firm trial date at this time.

24          And I'm prepared, subject to comments from counsel, to

25   set the matter down for jury selection and trial, assuming,

1   Mr. Kobre, that this is a one- to two-week trial -- is that
2   what we previously indicated?
3           MR. KOBRE:  That's correct, your Honor.
4           THE COURT:  Mr. Schwartz, do you have any reason to
5   believe it's going to be something different?
6           MR. SCHWARTZ:  That's the same estimate I would have
7   given the Court.
8           THE COURT:  All right.  How about March 31 for jury
9   selection and trial?
10          MR. SCHWARTZ:  May I have a moment to talk to my
11  client, your Honor?
12          THE COURT:  Absolutely, you may.  (Pause)
13          MR. SCHWARTZ:  Your Honor, does the Court have
14  anything available before then?  We're anticipating the ruling
15  in the next couple of weeks.
16          THE COURT:  By that, I mean, you'll likely have a
17  ruling in early January.
18          MS. SMITH:  Excuse us, your Honor.  I'm so sorry.
19  Forgive me, your Honor.
20          THE COURT:  That's all right.
21          (Pause)
22          MR. SCHWARTZ:  So, your Honor, we had originally
23  thought that your Honor had asked us to put aside the first
24  week of February, but if we're not going to have a ruling until
25  sometime in January, then probably the safer course is to

1    accept the date your Honor has proposed, unless your Honor has
2    something later in February or earlier in March.
3              THE COURT:  I quite frankly really don't.  If you want
4    to go to trial earlier, I'll transfer the case to another
5    judge.
6              MR. SCHWARTZ:  Your Honor, there's still the issue
7    with the ruling, so --
8              THE COURT:  Well, I'll make the ruling.  I put the
9    work into it.  But otherwise, really the earliest that I can do
10   it is March 31.
11             MR. SCHWARTZ:  Your Honor, we will accept the Court's
12   offer.
13             THE COURT:  All right.
14             MR. SCHWARTZ:  "The offer" meaning March 31st.
15             THE COURT:  March 31.
16             MR. SCHWARTZ:  Not the offer to transfer the case.
17             THE COURT:  Okay.  March 31 for jury selection and
18   trial.
19             Let's fix a schedule now with respect to 404(b)
20   material and in limine motions.  Does the government anticipate
21   any 404(b)?
22             MR. KOBRE:  I'm not sure yet, your Honor.  And I would
23   ask to be able to provide that to defense counsel no later than
24   two weeks before trial.
25             MR. SCHWARTZ:  Your Honor, I don't mean to interrupt

1  Mr. Kobre.  Are you done?

2      MR. KOBRE:  Yes.

3      MR. SCHWARTZ:  May I address the Court?

4      THE COURT:  Yes.

5      MR. SCHWARTZ:  Your Honor, I sent Mr. Kobre and

6  Mr. Spiegelhalter a letter a couple weeks ago asking to fix,

7  among other things, that date, 404(b) evidence six weeks before

8  trial to give us a reasonable amount of time to make a motion

9  in limine, not in the course of trial preparation.  And in

10  addition, your Honor, there are other things that we would like

11  the Court to talk to the government about, perhaps set some

12  deadlines.

13      THE COURT:  All right.  Before we get to the other

14  things, I'm in agreement with you, Mr. Schwartz, that the

15  government should produce 404(b) material well in advance of

16  trial.  Accordingly, I'm going to require the government to

17  produce any 404(b) material by February 14th so that motions

18  in limine can be filed by February 24, with opposition by

19  March 7, reply by March 13.  And I will set the matter down for

20  an oral argument on March 26 at 2:00.

21      Now, what other matters do you want to raise?

22      MR. SCHWARTZ:  If I may just come to the podium, your

23  Honor.  It's just a little easier.

24      THE COURT:  I'll be able to hear you better.

25      MR. SCHWARTZ:  So as your Honor is aware, this case

1  involves video and audiotapes of a number -- we have received a
2  number of telephone calls and had several fairly lengthy
3  meetings between a cooperating witness and our client.  Those
4  tapes are extensive.  They are all in French, but it makes it a
5  little more difficult because the cooperating witness does not
6  speak a Parisian French that's easy for us to have translations
7  of and speaks sort of an African Pigeon French.  And these are
8  difficult tapes to manage.
9       We asked the government if they would designate those
10 portions of the tapes and produce the transcripts of those
11 portions of the tapes that they intend to introduce six weeks
12 before trial, which would give us I think sufficient time to be
13 able to check the translations and make sure that we are
14 comfortable with them, but more importantly, to be able to make
15 any cross designations for the Court's consideration and give
16 the Court time to consider whether those cross designations are
17 appropriate.
18      And I think now that the case is set for as far out as
19 it is, six weeks is, in fact, very generous to the government.
20 I can see it even being eight weeks.  There's no reason that
21 this has to be on the eve of trial where we get the principal
22 evidence that's going to be used in the case.  So that was the
23 first thing.
24      THE COURT:  Before you get to the next thing, let me
25 hear from the government.

1          MR. KOBRE:  Your Honor, the government intends to
2     produce the entirety of the translations and transcriptions
3     that we get.  The audio recordings were sent to an audio
4     enhancement expert to increase the quality of the audio so that
5     they can be better translated.  That was a fairly time
6     consuming process.  And we only recently received those back,
7     and I've produced those audio enhancements to the defense.
8          We are working as quickly as we can to get the
9     transcriptions.  We do not have them yet.  And we're working
10    with the translators.  And as soon as we have them, as soon as
11    I have them, I will produce them in their draft forms as soon
12    as I have those, as well as final transcripts.  And I expect
13    that to be substantially before trial.  I don't know that it
14    will be six weeks, but it will be very substantially before
15    trial.
16         THE COURT:  It's going to be six weeks.  I'm fixing
17    the same schedule.
18         MR. KOBRE:  Yes, your Honor.
19         THE COURT:  There's no reason.  It's always good for
20    the government to look at its evidence well before trial.
21         And if you don't have translations, how on earth do
22    you know what's in there?
23         MR. KOBRE:  Your Honor, there were draft translations
24    prepared by the FBI, and those have all been produced as well.
25    So we do know what's in there.  But for trial, obviously, we'll

1  have an expert testify and put those translations into the
2  record.
3          MR. SCHWARTZ:  Your Honor, to be clear, it's not just
4  the translations.  The government has -- I am not complaining.
5  I want to be clear, I'm not complaining about the government's
6  production as they've gotten things for us.  They have, as far
7  as I can tell, lived up to their obligations.  But just as
8  important as the translations, six weeks before trial are the
9  designations, which pieces of which tapes are -- or which
10 translations are they actually offering.
11         THE COURT:  How much in duration are we talking about
12 on these tapes?
13         MR. SCHWARTZ:  We're talking about -- I think there
14 are three or four meetings of several hours each.  I don't
15 think the government is going to be playing all of them.  And
16 there are many, many, many phone calls.  I don't know that the
17 government, if any, is going to be playing of those.  Maybe 12
18 hours total.
19         THE COURT:  At some point the government's got to
20 decide what it's actually going to play to the jury.  At least
21 can you designate the particular phone calls that you're going
22 to play, or is it your intention to play all of them?
23         MR. KOBRE:  No, your Honor.  I think the phone calls
24 is something that we can designate fairly easily, because,
25 based on the draft translations that we have, subject to

1   potentially some tweaking --

2              THE COURT:  Always subject to some tweaking, assuming
3   good faith, right?

4              MR. SCHWARTZ:  Your Honor, I'm just -- I'm not going
5   to stand here and make arguments if they have another few lines
6   that they want to add.  But the meat of the case is in the
7   meetings, and the meetings are long.  And they're hard -- I
8   can't listen to them because they mean nothing to me.  I can
9   only read.  But cross designation here may or may not be
10  important.  I mean, it's important for issues of hearsay.  We
11  may use tapes in different ways, but it would be very important
12  for us to prepare our case.  This is the government's evidence
13  to know what it is they're offering from the meetings.

14             MR. KOBRE:  Your Honor, as soon as we have the
15  transcriptions back, we will -- and based also in part on what
16  your Honor's ruling is, we'll designate those areas and I will
17  convey them to Mr. Schwartz.  I will not delay in doing that.

18             THE COURT:  And in any event, so that Mr. Schwartz has
19  the benefit of the designations, six weeks before trial so that
20  he can frame any motions in limine.

21             MR. KOBRE:  Yes, your Honor.

22             THE COURT:  And cross designations.

23             MR. KOBRE:  Yes, your Honor.

24             THE COURT:  What else?

25             MR. SCHWARTZ:  Your Honor, the next one is something

that I think your Honor traditionally hears but it's important in this case, as it is in every other case.  We've asked the government as well to produce the 3500 material six weeks before trial.  I don't think they have very many witnesses.  I don't think this is complicated.  It would give us a chance to really prepare.  And so I would ask the Court inquire to the government as to that.

        MR. KOBRE:  Your Honor, I think that that's very premature.  In my letter response to Mr. Schwartz I said that the government would produce the 3500 a reasonable time before trial.  We're not talking here about producing it the Friday before trial.  We are going to produce it substantially before trial.  And I haven't even had a chance to talk with Mr. Schwartz yet.  And we will work out between the parties a schedule that's appropriate.  And if not, Mr. Schwartz can certainly approach the Court, but six weeks before trial is excessive.  And there are --

        THE COURT:  What do you anticipate the volume of the 3500 material to be?

        MR. KOBRE:  It's hard even to know at this point.  It's not going to be -- we do not see this -- we don't have many witnesses, so we don't think it's going to be a very substantial amount of 3500 material.  But we want to provide the right 3500 material at the appropriate time.  And I will work with Mr. Schwartz on that.

1          THE COURT:  Mr. Schwartz, I think that asking for the
2    3500 material six weeks in advance is a bridge too far.  My
3    sense in a case like this, because you're dealing with foreign
4    witnesses, foreign language and a host of other issues, I think
5    the government should produce it two weeks before trial.  And
6    obviously there will be 3500 material that will arise after
7    that, but the material that the government can produce should
8    be produced two weeks before trial.
9          MR. SCHWARTZ:  Your Honor, can I ask that we get at
10   least at some period before that two weeks a good faith witness
11   list of the witnesses the government intends to call in its
12   case in chief?
13         MR. KOBRE:  Your Honor, the government would oppose
14   that.  As your Honor knows, the law is pretty clear that unless
15   there's some particularized showing of need, a witness list
16   long before trial is not appropriate.  We'll produce a witness
17   list together with the 3500, or the 3500 -- if there are
18   witnesses that don't have 3500, we'll notify defense about
19   that.
20         I should just mention for your Honor also, there are
21   witness security issues in this case.  And I can go into detail
22   in that, if the Court would like.  But I think two weeks before
23   trial would be appropriate.
24         THE COURT:  What are the witness security issues?
25         MR. KOBRE:  Well, your Honor, this case arose out of

1  an attempt to obstruct an investigation that is still ongoing.
2  The defendant was not the only person who was involved in that
3  obstruction.  The evidence in this case shows that there were
4  other individuals as well.  And we are concerned that there are
5  witnesses out there that may be approached improperly or
6  influenced improperly.  And so I think that is just another
7  reason why two weeks, two weeks before trial really is
8  sufficient.

9        MR. SCHWARTZ:  My client has been under arrest in this
10 case, your Honor, and incarcerated since April.  It is hard for
11 me to believe -- if the government has any evidence of
12 tampering by anybody since April, then they should let the
13 Court know that.  If there has not been, then this is just a
14 red herring that's on the table.  There are a lot of people all
15 over the world who know my client is under arrest, who know
16 there are obstruction charges and have some sense of who some
17 of the witnesses are.  I don't think there's been any evidence
18 of tampering, and I don't see any reason we can't get a witness
19 list.

20       THE COURT:  Look, on the question of a witness list, I
21 will take a further letter submission from the parties about it
22 and I'll fix a time after I hear the government's concern
23 articulated more fully.

24       MR. SCHWARTZ:  Finally, your Honor, and this is the
25 government is required to produce to us their exhibits.  And we

DC6ECILC

1    would ask that we get a substantial time before trial -- and
2    not with the 3500 material, because it's very hard to get all
3    of this stuff two weeks and then try to absorb it -- a list of
4    the exhibits it intends to offer in its case in chief.  I would
5    ask your Honor, we asked them for six weeks.  I'm prepared to
6    take it a month before trial.
7              MR. KOBRE:  Again, your Honor, this is not a complex
8    case.  And there's just no reason -- the exhibit list is not
9    going to be extensive.  I'm happy to discuss with
10   Mr. Schwartz --
11             THE COURT:  So it sounds like it would be easy, then,
12   for the government to provide -- you could provide the exhibit
13   list now, if it's not extensive and it's all straightforward.
14             MR. KOBRE:  It's not a matter -- your Honor, what I
15   mean to say is --
16             THE COURT:  It's about surprise.  That's all defense
17   counsel is concerned about.
18             Produce your exhibit list four weeks in advance, all
19   right?  And certainly in the preparation running up to trial,
20   if something else comes up, it's subject to supplementing.  But
21   give them your list of exhibits four weeks in advance.
22             MR. KOBRE:  Yes, sir.
23             MR. SCHWARTZ:  Your Honor, I've never had a case where
24   the government has not supplemented its exhibit list and --
25             THE COURT:  Nor I.

DC6ECILC

1        MR. SCHWARTZ:  -- has not done it in good faith.
2        THE COURT:  My experience is the same.
3        Anything else?
4        MR. SCHWARTZ:  No, your Honor.  Depending on the
5   Court's ruling, we may be coming back to talk about experts.
6   But I think for the moment that's my agenda.
7        THE COURT:  Anything further from the government?
8        MR. KOBRE:  Just two small matters.  One is with
9   respect to pretrial motions, just motions to suppress and
10  things of that nature, I don't know that that's ever been
11  addressed at this point.
12       THE COURT:  Are there any other pretrial motions that
13  the defendant wishes to make at this time, motions to suppress
14  or the like?
15       MR. SCHWARTZ:  Your Honor, I don't believe that there
16  are.  But if there are, I'll call Mr. Kobre.  I will inform him
17  of that, and we will discuss the schedule.
18       THE COURT:  All right.  You'll submit a letter to the
19  Court?
20       MR. SCHWARTZ:  Yes.
21       THE COURT:  And can you come to a decision on that in
22  the next two weeks?
23       MR. SCHWARTZ:  With the exception of the matters that
24  are under --
25       THE COURT:  That might flow from my decision.

DC6ECILC

1      MR. SCHWARTZ:  Then the answer is for sure.

2      THE COURT:  Okay.  What is the defendant's view

3  concerning the exclusion of time between now and March 31?

4      MR. SCHWARTZ:  The defendant will not object, your

5  Honor.

6      THE COURT:  Since this continuance is due to the

7  Court's need to resolve certain motions that are before it and

8  to allow sufficient time for counsel to adequately prepare for

9  the trial of this case, I prospectively exclude the time from

10 today until March 31, 2014, from Speedy Trial Act calculations.

11 I find that this continuance serves to ensure the effective

12 assistance of counsel and prevents any miscarriage of justice.

13 Additionally, I find that the ends of justice served by such a

14 continuance outweigh the best interests of the public and

15 Mr. Cilins in a speedy trial pursuant to 18, U.S.C.,

16 Section 3161.

17     I would urge the parties to get any letter submission

18 to me on the issue of the witness list by January 10.  Just

19 submit something to me, all right, and I'll resolve it.

20     Anything further?

21     MR. KOBRE:  No.  Thank you, your Honor.

22     MR. SCHWARTZ:  No, your Honor.

23     THE COURT:  Thank you for coming in.  Have a good

24 holiday.

25     (Adjourned)