

William J. Schwartz
T: +1 212 479 6290
wschwartz@cooley.com

VIA ECF and
FIRST CLASS MAIL

January 10, 2014

Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *United States v. Frederic Cilins,* 13 Cr. 315 (WHP)

Dear Judge Pauley:

Pursuant to the Court's request at the December 6, 2013 conference for letters regarding the government's disclosure of its witness list, we write in support of our application that the government be required to produce its witness list to the defense in advance of the 3500 material, which is to be produced two weeks before trial. We believe that a production of the names of the government's witnesses four weeks before trial, timed to coincide with the government's production of its exhibit list, would be appropriate, and would allow the defense time to adequately prepare for trial.

It is within the Court's discretion to compel the government to identify individuals it intends to call as witnesses. *United States v. Cannone,* 528 F.2d 296, 301 (2d Cir. 1975). Indeed, absent valid factors "prevailing concepts of criminal justice oblige the prosecuting attorney" to make such disclosures. *United States v. Baum,* 482 F.2d 1325, 1331 n.3 (2d Cir. 1973). Disclosure is appropriate when the defendant makes "a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." *Cannone,* 528 F.2d at 301. In *United States v. Turkish,* 458 F.Supp. 874, 881 (S.D.N.Y. 1978), the court listed a number of factors that are relevant to this analysis: (1) whether the offense alleged in the indictment involves a crime of violence; (2) whether the defendant has been arrested or convicted for crimes involving violence; (3) whether the evidence in the case largely consists of testimony relating to documents (which by their nature are not easily altered); (4) whether there is a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial; (5) whether the indictment alleges offenses occurring over an extended period of time; (6) whether the defendant has limited funds with which to investigate and prepare his defense. Courts have also considered whether any potential witnesses are located outside of the United States, noting that "concerns about the need for advance notice of foreign witnesses are legitimate." *See United States v. Savin,* No. 00 Cr. 45, 2001 WL 243533, at *9 (S.D.N.Y. Mar. 7, 2001).

In this case, numerous factors counsel in favor of disclosure. No violence is alleged in either the indictment or criminal complaint, nor has Mr. Cilins ever been arrested or convicted



January 10, 2014
Page Two

for crimes involving violence. Much of the evidence consists of numerous recordings of meetings and phone calls, which cannot be altered. The allegations, described in detail in the Complaint and the Government's Amended Motion to Preclude, are expansive, encompassing the alleged obstruction as well as alleged bribery in Guinea involving numerous individuals and events that date back to 2008. See Complaint (Apr. 15, 2013), ECF No.1; Government's Amended Motion to Preclude (July 25, 2013), ECF No. 29. Consequently, there are a number of potential witnesses, some of whom are located in foreign countries. It is not obvious who the government intends to call, and the defense will need to sort through documentary evidence to prepare for each. Courts have required disclosure in similar situations. See Savin, 2001 WL 243533, at *7-9 (ordering domestic witness disclosure when events spanned many years and case relied on documentary evidence, and declining to order foreign witness disclosure because government identified all foreign witnesses it intended to call); United States v. Shoher, 555 F.Supp. 346, 354 (S.D.N.Y. 1983) (ordering witness disclosure when underlying events spanned 17 months and expected testimony related to documentary evidence already in government's possession); Turkish, 458 F.Supp. at 881-82 (ordering witness disclosure when indictment covered 15 month period and government had identified 25,000 documents relating to the case).

We are aware of no compelling reason to justify withholding a witness list until the eve of trial. At the December 6 conference, the government asserted that "witness security issues" supported its position that witnesses not be identified before production of the 3500 material. Transcript of Dec. 6, 2013 Status Conference at 12 (Dec. 19, 2013), ECF No. 44. Mr. Cilins has been incarcerated since April 2013, and is certainly not in a position to contact potential witnesses. Nor are we aware of any efforts to improperly influence potential witnesses. In any event, it is hard to imagine how providing the names of its witnesses two weeks before the production of 3500 material for those witnesses will add to any issues the government may perceive. Finally, we are unaware of any indication that any government witnesses will fail to appear at trial should their names be released earlier than they would otherwise have been. On the other hand, the extra two weeks will enable the defense to begin its preparation, with exhibits in hand, even in the absence of the witnesses' prior statements, undoubtedly resulting in a more efficient presentation at trial. See Cannone, 528 F.2d at 301.

We respectfully request that the Court grant our application and order the government to provide the names of its witnesses four weeks before trial.

Respectfully Submitted,

William Schwartz /amf/

William J. Schwartz

cc:   All counsel (via ECF)