

William J. Schwartz
T: +1 212.479.6290
wschwartz@cooley.com

VIA ECF

January 15, 2014

Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *United States v. Frederic Cilins, 13 Cr. 315 (WHP)*

Dear Judge Pauley:

We write to reply to the government's brief, filed on January 10, 2014, opposing the defendant's request for the early production of a witness list.

The government discusses at great length the taped evidence against Mr. Cilins that it asserts proves he acted with others in allegedly committing the crimes with which he is charged, and repeats many of the arguments about Mr. Cilins's assets that it made in opposing his bail application. Yet, notwithstanding its representation to the Court at the December 6 conference that it should be entitled to delay production of its witness list because of "witness security issues," the government has submitted no evidence whatsoever of any alleged witness tampering since Mr. Cilins's arrest approximately nine months ago. Transcript of Dec. 6, 2013 Status Conference at 12 (Dec. 19, 2013), ECF No. 44.

To assert that Mr. Cilins is guilty of the charges against him and that he allegedly acted with others "at large," is simply not a substitute for evidence of the post-arrest tampering the government suggested had or would occur. Government's Memorandum in Support of its Request to File its Witness List Two Weeks Before Trial at 3, 10 (Jan. 10, 2014), ECF No. 47. Nor do the arguments presented at the bail hearing have any bearing on this application. The government's speculation that tampering may occur is an insufficient response to the defendant's request. *Cf. United States v. Shoher*, 555 F.Supp. 346, 354 (S.D.N.Y. 1983) (rejecting government's argument that disclosure was improper because its "speculative" argument provided "no support whatsoever for its professed concern" that witnesses might not appear at trial if their names were disclosed). Whatever the government's view of the strength of its case, Mr. Cilins is still entitled to prepare his defense. The government has shown no reason why turning over its witness list two weeks earlier than it has already agreed to do will in any way lead to tampering or otherwise prejudice its prosecution.

We respectfully ask the Court to grant our application.

Respectfully submitted,

William J. Schwartz

cc:   All counsel (via ECF)