```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA              :

    -against-                            :     13 Cr. 315 (WHP)

FREDERIC CILINS,                      :     MEMORANDUM & ORDER

    Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, United States District Judge:

        Defendant Frederic Cilins moves to compel the Government to disclose its trial witnesses four weeks prior to trial. The Government opposes his motion but agrees to provide a witness list two weeks prior to trial. For the following reasons, the Government's proposal is sufficient and Cilins's motion is denied.

        A district court has wide discretion to order the Government to disclose its witnesses before trial. See United States v. Cannone, 528 F.2d 296, 301-02 (2d Cir. 1975). Early disclosure may aid the defense in preparation for trial, see United States v. Feola, 651 F. Supp. 1068, 1138 (S.D.N.Y. 1987), but may also facilitate witness intimidation or false testimony, see, e.g., United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974). To obtain early disclosure, Cilins must make a "specific showing that [it is] both material to the preparation of [his] defense and reasonable in light of the circumstances surrounding [the] case." Cannone, 528 F.2d at 301. Without that, a demand for a witness list "is nothing but that—a demand, accompanied by no particularized showing of need." United States v. Baiad, 1990 WL 58058, at *2 (S.D.N.Y. May 2, 1990) (Mukasey, J.); see also United States v. Pastor, 419 F. Supp. 1318, 1330 (S.D.N.Y. 1976).

1

The first question is whether it is material to Cilin's defense for Cilins to have the Government's witness list four weeks before trial. That analysis begins with the Government's agreement to identify its witnesses two weeks in advance of trial. Cilins contends that potential witnesses are located in foreign countries and that the allegations undergirding the Indictment are "expansive, encompassing the alleged obstruction as well as alleged bribery in Guinea involving numerous individuals and events that date back to 2008." (Deft's Ltr., dated Jan. 15, 2014 (ECF No. 48) at 2.) But Cilins does not tether the events in Guinea in 2008 to his alleged obstruction of a grand jury investigation in 2013, the charges in the indictment. While events in Guinea may provide relevant evidence on background or motive, they are not central to the charges in this case. Thus, Cilins fails to show why an additional two week advance notice of witnesses is necessary for his trial preparation.

Next, this Court turns to question of whether Cilins's request for early disclosure of the Government's witnesses is reasonable. Clearly, the circumstances of Cilins's indictment do not pose the same dangers attendant to narcotics cases or violent crimes. See United States ex rel. Lloyd v. Vincent, 520 F.2d 1272, 1274 (2d Cir. 1974) (discussing such dangers for narcotics cases); United States v. Cutolo, 861 F. Supp. 1142, 1148 (E.D.N.Y. 1994) (declining to compel disclosure of witness identities case involving racketeering and murder). Nevertheless, the charges against Cilins raise concerns about witness tampering. As noted in this Court's prior Memoranda and Orders, the Government alleges Cilins obstructed a grand jury investigation by bribing a witness to testify falsely. (See Mem. and Order, dated Jan. 15, 2014 (ECF No. 50); Mem. and Order, dated July 19, 2013 (ECF No. 24).) Such allegations render Cilins's request unreasonable. See Cannone, 528 F.2d at 302 (finding that "it is enough" to deny a request for

early disclosure of witness identities when defendants have "already been indicted for obstructing justice by beating a grand jury witness").

For the foregoing reasons, Frederic Cilins's motion to compel the Government to disclose its trial witnesses four weeks in advance of trial is denied. The Clerk of Court is directed to close the motions pending at ECF Nos. 48 and 49.

Dated: February 12, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*
Elisha J. Kobre, Esq.
United States Attorney Office, SDNY
1 St. Andrew's Plaza
New York, NY 10007

Stephen Spiegelhalter, Esq.
U.S. Department of Justice, Criminal Division, Fraud Section
1400 New York Avenue, NW, Bond Building, 11 th Floor
Washington, DC 20530
*Counsel for Government*

William J. Schwartz, Esq.
Cooley LLP
1114 Avenue of the Americas
New York, NY 10036

Bruce H. Lehr, Esq.
Sherleen M. Mendez, Esq.
Lehr, Fischer & Feldman
1401 Brickell Ave.
Miami, FL 33131

3

Michelle Patrice Smith, Esq.
Law Office of Michelle P. Smith, P.A.
87 Menendez Ct.
Orlando, FL 32801
*Counsel for Defendant*